Jeffrey Needle
Law Office of Jeffrey Needle
119 First Ave S Suite 200
Seattle, WA 98104
(206) 447-1560

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STEVEN A. ROBERTSON,

    Plaintiff,

vs.

BHC FAIRFAX HOSPITAL, INC., A TENNESSEE CORPORATION,

    Defendant.

No.

**COMPLAINT AND JURY DEMAND**

## I. JURISDICTION AND JURY DEMAND

1.1 Plaintiff alleges a violation of the American with Disabilities Act (ADA), 42 U.S.C. Section 12101 *et seq*. The Court has jurisdiction pursuant to 28 U.S.C. Section 1331.

1.2 Plaintiff also alleges a violation of the Washington Law Against Discrimination (WLAD), RCW 49.60 *et seq*. Plaintiff's allegations under state law arise from a common core of facts. The Court has supplemental jurisdiction over Plaintiff's state law claims.

1.3 The facts which give rise to a violation of Plaintiff's rights occurred in the Western District of Washington where the Defendant has its principal place of business. Venue is proper pursuant to 28 U.S.C. section 1391(b)(c).

1.4 Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury of twelve on all issues.

COMPLAINT & JURY DEMAND - 1

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Ave Seattle, WA 98104
(206) 447-1560 fax (206) 447-1523

## II. PARTIES

2.1 Steven A. Robertson, Plaintiff, resides at 6021 195th Ave E, Bonney Lake, WA, 98391, in Pierce County, Washington.

2.2 BHC Fairfax Hospital is a Tennessee corporation with a principal place of business at 10200 NE 132nd St, Kirkland, Washington, 98034. BHS Fairfax Hospital operates a school for mentally ill adolescents doing business as the Northwest School of Innovative Learning. The Northwest School of Innovative Learning is an academic and therapeutic learning program designed for students from kindergarten through high school who are unable to successfully navigate traditional school settings. The Northwest School of Innovative Learning offers classes at Tacoma, Washington.

2.3 The Defendant employs more than 15 employees on a regular full time basis. The Defendant is an employer within the meaning of the Americans with Disabilities Act and the Washington Law Against Discrimination.

## III. STATEMENT OF FACTS

3.1 Plaintiff Steven Robertson began working for the Defendant on or about June 22, 2009, as a special education teacher.

3.2 Plaintiff's job duties involved teaching adolescent children and adults with diagnosed mental illness. Instruction takes place in a locked facility. To leave the classroom for a bathroom break, Plaintiff was required to call one of the Behavior Intervention Specialists to the classroom through a walkie talkie system, and wait for his or her arrival before he could leave for a bathroom break. The children under his instruction could not be left alone.

3.3 At all relevant times hereto, Plaintiff was satisfactorily performing the duties and responsibilities of his job.

3.4 Plaintiff terminated employment with the Defendant on or about November 3, 2011.

3.5 At the time of Plaintiff's termination from employment, his immediate supervisor was Janna George.

COMPLAINT & JURY DEMAND - 2

3.6 At the time of Plaintiff's termination from employment, the Director of the School of Innovative Learning was Rachel Ashbaugh.

3.7 Plaintiff was diagnosed with advanced prostate cancer in May of 2011.

3.8 Plaintiff was approved for federal Family Medical Leave by the Defendant on May 23, 2011.

3.9 Plaintiff had a radical prostatectomy on June 7, 2011.

3.10 Prior to Plaintiff's diagnosis of prostrate cancer, he had not received any disciplinary action. His performance evaluations were good.

3.11 Shortly before Plaintiff's diagnosis of prostrate cancer, in approximately March, 2011, Ms. Janna George became Plaintiff's supervisor.

3.12 During the time Plaintiff was at home recovering from surgery and heavily medicated, Ms. George called and emailed him repeatedly with work related questions.

3.13 Plaintiff called Rachel Ashbaugh and complained that he was heavily medicated, in substantial pain, and was unable to receive work related calls. Plaintiff requested that Ms. Ashbaugh instruct Ms. George to stop calling Plaintiff at home while he was on medical leave. Ms. Ashbaugh agreed to speak with Ms. George.

3.14 Plaintiff returned to work on or about June 22, 2011. On that same day, Plaintiff explained to Ms. Ashbaugh and staff that he had surgery related issues with incontinence and would require more frequent bathroom breaks.

3.15 Almost immediately after Plaintiff's return to work from Family Leave, Ms. George began to micro-manage Plaintiff's work and interfered with his teaching in a number of ways, including by calling parents and district representatives and interrupting his classes.

3.16 As previously explained to Ms. George, Plaintiff experienced extreme incontinence and an urgent and uncontrollable need to use the bathroom as a consequence of surgery-related complications.

3.17 The incontinence described above required Plaintiff to take bathroom breaks more frequently than before his prostrate cancer surgery. But after a short time, the Behavior Intervention

COMPLAINT & JURY DEMAND - 3

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Ave Seattle, WA 98104
(206) 447-1560 fax (206) 447-1523

Specialists, who responded previously to Plaintiff's request for assistance, failed to respond. Plaintiff was told that they would respond to his requests for bathroom breaks only if they had time.

3.18  In June or early July, 2011, Plaintiff complained to Ms. George about the failure to accommodate his disability by allowing bathroom breaks more frequently than before his prostrate surgery. No accommodation was ever made.

3.19  In early July, 2011, Plaintiff was still experiencing pain, lack of mobility, and fatigue from the incisions which occasionally caused him to be late, miss work, or leave after class but before the end of the work. At that time, Plaintiff informed Ms. George, Ms. Ashbaugh, and support staff of the above, and requested an accommodation for his disability.

3.20  Plaintiff again complained about Ms. George's harassment to Rachel Ashbaugh, Director of the school, in July and August of 2011. Plaintiff reported to her that he was still recovering from surgery and was in substantial pain. He complained that he was feeling stressed and overwhelmed by the micro-management of his work by Ms. George, and about the number of calls and emails he was receiving from Ms. George. Plaintiff told Ms. Ashbaugh he felt harassed by Ms. George's habit of showing up unannounced and disrupting his class. Ms. Ashbaugh responded that she would speak to Ms. George.

3.21  Ms. George continued to harass Plaintiff and micro-manage his work. She ultimately placed Plaintiff on a Performance Improvement Plan on October 12, 2011, allegedly due to late arrivals and for leaving early.

3.22  Plaintiff would not sign this Performance Improvement Plan and complained again to Ms. Ashbaugh that he was being harassed by Ms. George. He explained in detail about the medical reasons for his late arrivals and early departures from work. In response, Plaintiff was asked by Ms. Ashbaugh to have his physician provide the Defendant with more medical information.

3.23  On October 14, 2011, Plaintiff's physician, William M. Dean, M.D. wrote a letter to Defendant to outline Plaintiff's need for reasonable accommodation. In relevant part, Dr. Dean explained that Plaintiff returned to work only two weeks after his surgery, and that "some post operative side effects are known to exist up to a year." Dr. Dean explained that because of "incision

COMPLAINT & JURY DEMAND - 4

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Ave Seattle, WA 98104
(206) 447-1560 fax (206) 447-1523

pain, incontinence, restricted range of motion, and other post operative side effects," Plaintiff could be late for work or require reduced work hours.

3.24 On November 2, 2011, Plaintiff met with Ms. George and again complained that he was not being accommodated when it came to bathroom breaks. Plaintiff asked Ms. George to help the staff accommodate his disability. In response, Ms. George told Plaintiff that he called too often for assistance and scolded him, saying that others who had greater health problems did not talk about their issues or ask for help.

3.25 On November 3, 2011, Ms. George held a staff meeting. The subject of the staff meeting that morning was bathroom breaks. She stated that the support staff was being asked too often to cover bathroom breaks.

3.26 Plaintiff asked Ms. George in front of the staff for a solution to his own unique situation concerning incontinence caused by prostrate surgery. She replied that the teachers would have to work it out amongst ourselves. She told Plaintiff and the group to "quit calling" the support staff for bathroom breaks.

3.27 Plaintiff walked out of the staff meeting, and feeling singled out and humiliated, made a joke to a couple of teachers, stating that perhaps he would just have to relieve himself in the classroom in a bottle and hope the students did not notice.

3.28 After the staff meeting, Plaintiff went the office Allison Draisin, school therapist, and requested her assistance if he needed a bathroom break.

3.29 At 9:30 a.m on that same day, Ms. George came to Plaintiff's classroom and informed Plaintiff that he was being sent home immediately for insubordination. Plaintiff was told that he was being placed on administrative leave pending an investigation.

3.30 On November 4, 2011, Plaintiff's physician recommended that he terminate his contract with the Defendant because his "health problems are negatively affected by his work-related stress and lack of support from his job, exacerbated by the hostile work environment to which he is subjected on a daily basis."

3.31 Plaintiff subsequently resigned from employment due to the Defendant's disability

COMPLAINT & JURY DEMAND - 5

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Ave Seattle, WA 98104
(206) 447-1560 fax (206) 447-1523

1 | discrimination, harassment, retaliation, and failure to accommodate his disability.

2,3 | 3.32  The work environment created by the Defendant was objectively intolerable. Plaintiff was constructively discharged from employment.

4,5,6 | 3.33  Prostate cancer is a disability under the Americans with Disabilities Act as Amended and the Washington Law Against Discrimination. Plaintiff is a person with a disability under both state and federal law.

7 | 3.34  Defendant had notice of Plaintiff's disability and need for accommodation.

8,9 | 3.35  Defendant failed to interactively engage with the Plaintiff and /or his physician and failed to reasonably accommodate Plaintiff's known disability.

10,11,12 | 3.36  A substantial motivating factor in the decision to place Plaintiff on a Performance Improvement Plan was his disability and/or retaliation for having complained about harassment and/or having requested a reasonable accommodation.

13,14,15 | 3.37  A substantial motivating factor in the decision to place Plaintiff on administrative leave was his disability and/or in retaliation for his complaints of harassment and/or having requested a reasonable accommodation.

16,17 | 3.38  A substantial motivating factor in the decision to constructively discharge Plaintiff's employment was his disability.

18,19,20 | 3.39  A substantial motivating factor in the decision to constructively discharge Plaintiff's employment was retaliation for complaining about the Defendant's failure to accommodate his disability.

21,22 | 3.40  The Defendant had a reckless disregard and/or deliberate indifference to the violation of Plaintiff's federally protected rights.

23,24,25 | 3.41  Plaintiff filed a charge of disability discrimination, harassment, and retaliation with the EEOC - Equal Employment Opportunities Commission on March 19, 2012. A Notice of Right to Sue was issued on June 21, 2012. Plaintiff has exhausted his administrative remedies.

## IV. CLAIMS

4.1  The Plaintiff hereby re-alleges the contents Paragraphs I-III and by this reference

COMPLAINT & JURY DEMAND - 6

JEFFREY L. NEEDLE
Attorney at Law
200 Maynard Building
119 First Ave Seattle, WA 98104
(206) 447-1560 fax (206) 447-1523

incorporates them herein.

4.2   The above stated facts give rise to a claim for disability discrimination, retaliation, harassment and failure to accommodate in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, *et seq.*

4.3   The above stated facts give rise to a claim of disability discrimination, retaliation, harassment and failure to accommodate in violation of RCW 49.60 *et seq.*

## V. DAMAGES

5.1   The Plaintiff hereby re-alleges the contents Paragraphs I - IV and by this reference incorporates them herein.

5.2   As a proximate cause of the wrongful termination from employment described above, Plaintiff has suffered emotional distress, humiliation, embarrassment and indignity.

5.3   As a proximate cause of the wrongful termination described above, Plaintiff has suffered lost wages and other economic damages.

## VI. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for damages as follows:

1. General damages in the amount to be proven at time of trial
2. Back pay in the amount to be proven at time of trial.
3. Front pay in the amount to be proven at time of trial.
4. Punitive damages in an amount to be proven at time of trial.
5. Prejudgement interest to be proven at time of trial.
6. Reasonable attorneys fees and costs.
7. Whatever further and additional relief the court shall deem to be just and equitable.

DATED THIS 3rd day of September, 2012.

Jeffrey L. Needle
Attorney for Plaintiff
WSBA #6346

COMPLAINT & JURY DEMAND - 7